IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| INGRID MARY SANFILIPPO, Plaintiff, | § § § § § § § § § | EP-18-CV-18-PRM<br>EP-18-CV-25-PRM<br>EP-18-CV-27-PRM<br>EP-18-CV-29-PRM<br>EP-18-CV-42-PRM<br>EP-18-CV-43-PRM |
| v. | | |
| CIA L.A. and MORTENSON IDS, et al., Defendants. | | |

## ORDER TO DISMISS PENDING CASES

On this day, the Court sua sponte considered cause numbers: 18-CV-18, 18-CV-25, 18-CV-27, 18-CV-29, 18-CV-42 and 18-CV-43.[1] After due consideration, the Court is of the opinion that the pleadings in these cases are insufficient because they fail to state a claim upon which relief may be granted. For the following reasons, the Court dismisses all six cases.

I.   FACTUAL AND PROCEDURAL BACKGROUND

On January 25, 2018, Plaintiff Ingrid Mary SanFilippo

---

[1] The Court notes that each of Plaintiff Ingrid Mary SanFilippo's six cases were filed with different captions. Although Ingrid Mary SanFilippo filed all six cases herself, she filed the cases with different spellings and versions of her own name. The cases were also filed against numerous defendants, many of which the Court has been unable to discern. The Court will thus use the above-captioned cause in reference to all six cases filed.

[hereinafter "Plaintiff"] filed a Complaint in cause number 18-CV-18. Between January 26, 2018, and February 5, 2018, Plaintiff filed three additional complaints in cause numbers 18-CV-25, 18-CV-27, and 18-CV-29, and two additional motions to proceed in forma pauperis in cause numbers 18-CV-42 and 18-CV-43. All pleadings filed in these cases were handwritten, and the Court has had great difficulty discerning the contents of the filings.

Without ruling on the motions to proceed in forma pauperis in 18-CV-42 and 18-CV-43, the Court filed an "Order for More Definite Statement" (ECF No. 6)[2] [hereinafter "Interrogatories"] on January 31, 2018. Pursuant to the Interrogatories, Plaintiff was required to respond to a series of basic questions regarding each of the first four cases filed, such as how and when each of the defendants committed the actions alleged. Importantly, the Court also required that "any future filings with the Court must be legible." Interrogatories 4. The Court then issued an order staying all six cases until such time that Plaintiff responded to the Interrogatories. Order to Stay Pending Cases, Feb. 6, 2018, ECF No. 8. On March 7, 2018, the Court received Plaintiff's

---

[2] ECF No. refers to the "electronic filing number" of the docket entry in the case.

handwritten responses. Consistent with the rest of Plaintiff's filings, however, the Court was unable to discern the vast majority of the writing therein.

## II. DISCUSSION

As a preliminary matter, the Court notes that Plaintiff failed to comply with the Court's Order by filing illegible responses to the Interrogatories. Plaintiff's responses were written outside of the page margins both vertically and horizontally, making it nearly impossible for the Court to decipher the contents of the writing. Additionally, where the Court was able to discern words and sentences, these words and sentences were completely incoherent. Thus, the Court has the authority to dismiss Plaintiff's first four filed claims due to her failure to comply with the Court's order. *See Martinez v. Johnson*, 61 F. App'x 121 (5th Cir. 2003) (finding that a court may dismiss a complaint for failure to comply with a court order).

Nonetheless, and notwithstanding Plaintiff's failure to comply with the Court's order, the Court rests its decision to dismiss Plaintiff's first four filed cases on the fact that Plaintiff has failed to state a claim upon which relief may be granted. Pursuant to 28 U.S.C.

3

§ 1915(e)(2)(B)(ii) governing proceedings in forma pauperis, a court "shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted." Here, the Interrogatories were intended to provide Plaintiff with an opportunity to provide additional information regarding her numerous claims. Specifically, the Court asked what legal rights Plaintiff alleged were violated and what relief was sought from the Court. Plaintiff responded to the majority of the Interrogatories in one word answers, and failed to provide a factual recitation that would enable the Court to discern a claim upon which relief may be granted. Without being able to understand Plaintiff's alleged claims, the Court also cannot assume that subject-matter jurisdiction lies.[3] Consequently, the Court finds that cause numbers 18-CV-18, 18-CV-25, 18-CV-27, and 18-CV-29 should be dismissed.

---

[3] *See Dos Santos v. Belmere Ltd. P'ship*, 516 F. App'x 401, 402–03 (5th Cir. 2013) (finding that "although courts 'liberally construe' the filings of *pro se* litigants and 'apply less stringent standards to parties proceeding pro se than to parties represented by counsel,' the plaintiff must prove, by a preponderance of the evidence, that the court has jurisdiction based on the complaint and evidence"); *Jacobs v. State of Miss.*, 35 F.3d 559 (5th Cir. 1994) (finding that, although pro se pleadings are to be liberally construed, it was without authority to extract a jurisdictional basis when none exists on the face of the complaint).

4

Regarding Plaintiff's two remaining cases—18-CV-42 and 18-CV-43—the Court additionally finds that Plaintiff's claims should be dismissed. After reviewing the handwritten complaints attached to both motions to proceed in forma pauperis, the Court is unable to decipher the claims alleged and the relief sought. Accordingly, the Court dismisses both cases for failure to state a claim upon which relief may be granted.

Accordingly, **IT IS ORDERED** that cause numbers 18-CV-18, 18-CV-25, 18-CV-27, 18-CV-29, 18-CV-42, 18-CV-43 are **DISMISSED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED** that the Clerk's office shall send a copy of this Order to Plaintiff via both certified and regular mail.

**IT IS FINALLY ORDERED** that the District Clerk shall **CLOSE** these cases.

SIGNED this 27 day of March, 2018.

PHILIP R. MARTINEZ
UNITED STATES DISTRICT JUDGE